# UNITED STATES BANKRUPTCY COURT
## Southern District of West Virginia

In re:  Kathryn Gale Rhule
1988

Case No. _04-20488_

Chapter 13

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 20,000.00 | | |
| B - Personal Property | YES | 2 | $ 4,913.00 | | |
| C - Property Claimed As Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 10,500.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $ 44,805.50 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 2,328.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 2,168.00 |
| Total Number of sheets in ALL Schedules >> | | 14 | | | |
| Total Assets >> | | | $ 24,913.00 | | |
| Total Liabilities >> | | | | $ 55,305.50 | |

In re:  Kathryn Gale Rhule
        1988

Case No. _____

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Real estate located at Charleston, Kanawha County, WV | home mort. | | 20,000.00 | 10,500.00 |

TOTAL »  20,000.00

In re: Kathryn Gale Rhule
1988

Case No. _____

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1. Cash on hand. | cash | | 50.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | Checking BB&T | | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | NONE | | 0.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | various household goods | | 1,635.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | NONE | | 0.00 |
| 6. Wearing apparel. | Clothing | | 400.00 |
| 7. Furs and jewelry. | Jewelry | | 500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | NONE | | 0.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | NONE | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | NONE | | 0.00 |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | NONE | | 0.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | NONE | | 0.00 |
| 13. Interests in partnerships or joint ventures. Itemize. | NONE | | 0.00 |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | NONE | | 0.00 |
| 15. Accounts Receivable. | NONE | | 0.00 |
| 16. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled. Give particulars. | NONE | | 0.00 |
| 17. Other liquidated debts owing debtor including tax refunds. Give details. | Wages | | 2,328.00 |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in the Schedule of Real Property. | NONE | | 0.00 |

In re:  Kathryn Gale Rhule                                    Case No. _____
        1988

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 19. Contingent and non-contingent interest in estate of a decedent, death benefit plan, life insurance policy, or trust. | **NONE** | | 0.00 |
| 20. Other contingent and unliquidated claims of any nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | **NONE** | | 0.00 |
| 21. Patents, copyrights, and other intellectual property.  Give estimated value of each. | **NONE** | | 0.00 |
| 22. Licenses, franchises, and other general intangibles.  Give particulars. | **NONE** | | 0.00 |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | **NONE** | | 0.00 |
| 24. Boats, motors, and accessories. | **NONE** | | 0.00 |
| 25. Aircraft and accessories. | **NONE** | | 0.00 |
| 26. Office equipment, furnishings, and supplies. | **NONE** | | 0.00 |
| 27. Machinery, fixtures, equipment, and supplies. | **NONE** | | 0.00 |
| 28. Inventory. | **NONE** | | 0.00 |
| 29. Animals. | **NONE** | | 0.00 |
| 30. Crops - growing or harvested.  Give particulars. | **NONE** | | 0.00 |
| 31. Farming equipment and implements. | **NONE** | | 0.00 |
| 32. Farm supplies, chemicals, and feed. | **NONE** | | 0.00 |
| 33. Other personal property of any kind not already listed.  Itemize. | **NONE** | | 0.00 |

**TOTAL »**            4,913.00

Schedule B - Page 2

In re: Kathryn Gale Rhule                                              Case No. _____
       1988

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

[ ]  11 U.S.C. § 522(b)(1)     Exemptions provided in 11 U.S.C. § 522(d).  Note:  These exemptions are available only in certain states.

[X]  11 U.S.C. § 522(b)(2)     Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's
                               domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer
                               portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety
                               or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| cash | WVC § 38-10-4(a)&(e) | 50.00 | 50.00 |
| Checking BB&T | WVC § 38-10-4(a)&(e) | 0.00 | 0.00 |
| Clothing | WVC § 38-10-4(a)(c)&(e) | 400.00 | 400.00 |
| Jewelry | WVC § 38-10-4(a)(d)&(e) | 500.00 | 500.00 |
| Real estate located at Charleston, Kanawha County, WV | WVC § 38-10-4(a)&(e) | 9,500.00 | 20,000.00 |
| various household goods | WVC § 38-10-4(a)(c)&(e) | 1,635.00 | 1,635.00 |
| Wages | WVC 38-10-4 (a)&(e) | 2,328.00 | 2,328.00 |

In re:  Kathryn Gale Rhule
        1988

Case No. _____

# Schedule D - Creditors Holding Secured Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | CLAIM DATE, NATURE OF LIEN, DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|
| ACCT. NO. 0038348460 | NO | | 1978 home mortgage | | 10,500.00 | 9,500.00 |
| Midland Mortgage co. P.O. Box 26648 Oklahoma City, OK 73126 | | | real estate | | | |
| Nathan H. Wasser, Esq. Wasser Associates 43 Greene Street Cumberland, MD 21502 | | | | | | |
| | | | VALUE $      20,000.00 | | | |

Subtotal »
(Total of this page)

10,500.00

TOTAL »

10,500.00

Schedule D - Page 1 of 1

In re:  Kathryn Gale Rhule                                   Case No. _____
        1988

# Schedule E - Creditors Holding Unsecured Priority Claims

[X]  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

# Types of Priority Claims

[ ]  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(2).

[ ]  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4000* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

[ ]  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4000* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

[ ]  **Deposits by individuals**

Claims of individuals up to $1800* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

[ ]  **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

[ ]  **Taxes and Other Certain Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ]  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

[ ]  **Other Priority Debts**

In re:  Kathryn Gale Rhule                                    Case No. _____
1988

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO. 87J3SD<br><br>A T & T Wireless<br>P.O. Box 129<br>Newark, NJ 07101<br><br>NCO Financial Systems<br>P.O. Box 41457<br>Philadelphia,PA 19101 | NO | | 2003<br><br>phone service | | 502.50 |
| ACCT. NO. 72012286270003<br><br>Allegheny Power Company<br>800 Cabin Hill Drive<br>Greensburg,PA 15606 | NO | | 2004<br><br>utility service | | 729.40 |
| ACCT. NO.<br><br>ALLTEL<br>P.O. BOx 96019<br>Charlotte, NC 28296-0019 | NO | | 2002<br><br>phone service | | 750.00 |
| ACCT. NO. 02054439332<br><br>American Electric Power<br>P.O. Box 24401<br>Canton, OH 44701 | NO | | 2003<br><br>utility service | | 91.35 |
| ACCT. NO. 5173855771<br><br>BB&T<br>P.O. Box 1793<br>Charleston, WV 25326 | NO | | 2003<br><br>overdraft account | | 312.52 |
| ACCT. NO. 4164811<br><br>Bone & Joint Surgeons<br>100 Tracy Way<br>Charleston, WV 25311 | NO | | 2003<br><br>medical | | 227.54 |
| ACCT. NO. 1214550830<br><br>Charleston Area Medical Center<br>P.O. Box 3229<br>Charleston, WV 25332 | NO | | 2003<br><br>medical care | | 41.36 |
| ACCT. NO. 8345190011200678<br><br>Charter Communications<br>P.O. Box 1220<br>Scott Depot, WV 25560 | NO | | 2003<br><br>cable service | | 312.31 |

Subtotal »
(Total of this page)      2,966.98

In re:  Kathryn Gale Rhule                                   Case No. _____
        1988

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO. 5344760181<br><br>City of Charleston<br>Municipal Fees<br>P.O. Box 1026<br>Charleston, WV 25324 | NO | | 2003<br><br>utility service | | 787.30 |
| ACCT. NO.<br><br>Dr. Gina Busch<br>9 Courtney Dr.<br>Charleston, WV 25304 | NO | | 2003<br><br>medical | | 150.00 |
| ACCT. NO.<br><br>Dr. Stacy Copeland<br>9 Courtney Drive<br>Charleston, WV 25304 | NO | | 2003<br><br>medical | | 130.00 |
| ACCT. NO.<br><br>Eye & Ear Clinic of Charleston<br>P.O. Box 2271<br>Charleston,WV 25328 | NO | | 2003<br><br>overpayment of wages | | 641.66 |
| ACCT. NO. 6004660196795599<br><br>Fashion Bug<br>P. O. Box 3000<br>Voorhees, NJ 08043<br><br>Pinnacle Financial Group<br>7825 Washington Ave S. Ste 410<br>Minneapolis, MN 55439 | NO | | 2003<br><br>consumer goods | | 440.27 |
| ACCT. NO. 577091491232942<br><br>First Consumer National Bank<br>Spiegel<br>9310 SW Gemini Drive<br>Beaverton, Orgon 97078-0001<br><br>The Westmoreland Agency<br>A Capital One Company<br>P.O. Box 85523<br>Richmond, VA 23286 | NO | | 2003<br><br>consumer goods | | 53.13 |

Subtotal »
(Total of this page)                              2,202.36

In re:  Kathryn Gale Rhule                                      Case No. _____
        1988

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO. 13-033110196      NO<br><br>Gino's Better Pizza<br>CBCS<br>P.O. Box 2080<br>Chillicothe, OH 45601 | | | 2003<br><br>returned check | | 30.90 |
| ACCT. NO. **VARIOUS ACCOUNTS**     NO<br><br>Healthcare Financial Services<br>1204 Kanawha Blvd. E<br>Charleston, WV 25301 | | | 2003<br><br>medical care | | 6,296.91 |
| ACCT. NO. **86158**      NO<br><br>Home Care Medical Equip. Inc.<br>P.O. Box 55<br>Point Pleasant, WV 25550 | | | 2003<br><br>medical care | | 400.00 |
| ACCT. NO. **193115**      NO<br><br>Integrated Healthcare<br>P.O. Box 647<br>Charleston, WV 25323-0647<br><br><br>Healthcare Financial Services<br>1204 Kanawha Blvd. E<br>Charleston, WV 25301 | | | 2003<br><br>medical care | | 62.55 |
| ACCT. NO.      NO<br><br>Joey's<br>115 Quarrier Street<br>Charleston, WV 25301<br><br><br>Putnam County Magistrate Court<br>Case No. 00W-0001255<br>Putnam County Judicial Bldg.<br>Winfield, WV 25213 | | | 2003<br><br>returned check | | 38.50 |
| ACCT. NO.      NO<br><br>Providian<br>P.O. Box 660490<br>Dallas, TX 75266<br><br><br>FMS Inc./Arrow Financial Ser.<br>4915 South Union Avenue<br>Tulsa, OK 74107 | | | 2003<br><br>consumer goods | | 1,292.21 |

Subtotal »     8,121.07
(Total of this page)

In re: Kathryn Gale Rhule                                              Case No. _____
       1988

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO.<br><br>**RXBYTEL**<br>**425 W. Washington Street**<br>**Charleston, WV 25302**<br><br>**Kanawha County Magistrate Court**<br>**Case No. 03W-0002789**<br>**Judicial Annex**<br>**111 Court Street**<br>**Charleston, WV 25301** | **NO** | | 2003<br><br>returned check | | 59.34 |
| ACCT. NO. **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**<br><br>**Sallie Mae**<br>**P.O. Box 9500**<br>**Wilkes-Barre, PA 18773** | **NO** | | student loan | | 31,000.00 |
| ACCT. NO. **13385**<br><br>**Smith & Smith Dental Corporation**<br>**P.O. Box 6430**<br>**Charleston, WV 25362** | **NO** | | 2003<br>dental work | | 11.80 |
| ACCT. NO. **000180100987 72Y**<br><br>**Verizon WV**<br>**P.O. Box 17577**<br>**Baltimore, MD 21297** | **NO** | | 2003<br>phone service | | 272.84 |
| ACCT. NO. **280465417**<br><br>**WV American Water Co.**<br>**P.O. Box 578**<br>**Alton, IL 62002** | **NO** | | 2003<br>utility service | | 171.11 |

Subtotal »
(Total of this page)     31,515.09

TOTAL »   44,805.50

Schedule F - Page 4 of 4

In re:  Kathryn Gale Rhule                                          Case No. _____
        1988

# Schedule G - Executory Contracts and Unexpired Leases

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| **NONE** | |

Schedule G - Page 1

In re:  Kathryn Gale Rhule
        1988

Case No. _____

# SCHEDULE H - CODEBTORS

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **NONE** | |

Schedule H - Page 1

In re:  Kathryn Gale Rhule                                    Case No. _____
        1988

# Schedule I - Current Income Of Individual Debtor(s)

| Debtor's Marital Status: **Single** | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Debtor's Age:   **47**<br>Spouse's Age: | NAMES<br>**NONE** | AGE | RELATIONSHIP |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **RN** | |
| How long employed | **1 Month** | |
| Name and Address of Employer | **CAMC**<br>**3100 MacCorkle Ave SE**<br>**Charleston, WV 25304** | |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ **3,380.00** | $ |
| Estimated monthly overtime | $ **0.00** | $ |
| SUBTOTAL | $ **3,380.00** | $ |
| LESS PAYROLL DEDUCTIONS | | |
| a.) Payroll taxes and social security | $ **879.00** | $ |
| b.) Insurance | $ **173.00** | $ |
| c.) Union dues | $ **0.00** | $ |
| d.) Other | | |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ **1,052.00** | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ **2,328.00** | $ |
| Regular income from operation of business, profession or farm (attach detailed statement) | $ **0.00** | $ |
| Income from real property | $ **0.00** | $ |
| Interest and dividends | $ **0.00** | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ **0.00** | $ |
| Social security or other government assistance (Specify) | $ **0.00** | $ |
| Pension or retirement income | $ **0.00** | $ |
| Other monthly income (Specify) | $ **0.00** | $ |
| TOTAL MONTHLY INCOME | $ **2,328.00** | $ |

TOTAL COMBINED MONTHLY INCOME       $       **2,328.00**

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

      **NONE**

In re:  Kathryn Gale Rhule                                    Case No. _____
        1988

# Schedule J - Current Expenditures Of Individual Debtor(s)

[ ] Check this box if a joint petition is filed and debtor's spouse maintains a separate
    household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 264.00 |
|     Are real estate taxes included?    [ ] Yes  [x] No | | |
|     Is property insurance included?    [ ] Yes  [x] No | | |
| Utilities:    Electricity and heating fuel | $ | 165.00 |
|     Water and sewer | $ | 65.00 |
|     Telephone | $ | 131.00 |
|     Other:    __Cable__ | $ | 100.00 |
|     __Internet__ | $ | 25.00 |
| Home Maintenance (Repairs and upkeep) | $ | 0.00 |
| Food | $ | 300.00 |
| Clothing | $ | 110.00 |
| Laundry and dry cleaning | $ | 0.00 |
| Medical and dental expenses | $ | 40.00 |
| Transportation (not including car payments) | $ | 125.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 40.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments): | | |
|     Homeowner's or renter's | $ | 0.00 |
|     Life | $ | 0.00 |
|     Health | $ | 0.00 |
|     Auto | $ | 107.00 |
|     Other: | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| Installment payments (In chapter 12 & 13 cases, do not list payments to be included in the plan) | | |
|     Auto | $ | 0.00 |
|     Other:    __Payment on car  **__ | $ | 377.00 |
|     __Sallie Mae (student loan)__ | $ | 269.00 |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach stmt) | $ | 0.00 |
| Other:    __Misc.__ | $ | 50.00 |

| | | |
|---|---|---:|
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 2,168.00 |

(FOR CHAPTER 12 and 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly,
monthly, annually, or at some other regular interval.

| | | |
|---|---|---:|
| A.  Total projected monthly income | $ | 2,328.00 |
| B.  Total projected monthly expenses | $ | 2,168.00 |
| C.  Excess income (A minus B) | $ | 160.00 |
| D.  Total am | | |

** Debtor makes payment on car securing loan in debtor's mother's name.  Debtor has
exclusive use of the car but was unable to obtain financing in her own name.

In re:  Kathryn Gale Rhule                                              Case No. _____
        1988

# Declaration Concerning Debtor's Schedules

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of  14 sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date  _08 24 04_                          Signature  _Kathryn Gale Rhule_
                                                      Kathryn Gale Rhule

--------------------------------------------------------------------------------------------------------------------------
CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed or Typed Name of Bankruptcy Petition Preparer          Social Security No.

_____

_____

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document: **Not Applicable.**

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.


X**Not Applicable**
Signature of Bankruptcy Petition Preparer                Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.
--------------------------------------------------------------------------------------------------------------------------

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

**(NOT APPLICABLE)**

Penalty for making a false statement or concealing property.  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C § 152 and 3571.

KATHRYN GALE RHULE                          CASE NO. 04-20488
                                            CHAPTER 13


                        PLEASE ADD TO MAILING MATRIX

                        ALLTEL
                        P.O. Box 96019
                        Charlotte, NC 28296

                        Dr. Gina Busch
                        Dr. Stacy Copeland
                        9 Courtney Drive
                        Charleston, WV 25304

# UNITED STATES BANKRUPTCY COURT
## Southern District of West Virginia

In re:  Kathryn Gale Rhule                               Case No. _____
        1988                                             Chapter 13

# STATEMENT OF FINANCIAL AFFAIRS

---

None
[ ]

## 1.  Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **16,700.00** | **Wages** | **2003** |
| 3,000.00 | **Wages** | **2004** |

---

None
[ ]

## 2.  Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | |
|---|---|---|
| | | 2003 |
| **2,000.00** | **Alimony** | |

---

None
[ ]

## 3.  Payments to creditors

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Misc. payments as able** | | **0.00** | **0.00** |

None
[X]

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
[X]

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

## 5.  Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

## 6.  Assignments and receiverships

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

## 7.  Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

## 8.  Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[ ]

## 9.  Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Robin L. Godfrey** | | $765.00 |

None
[X]

## 10.  Other transfers

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

## 11.  Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

## 12.  Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

### 13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

### 14. Property held for another person

List all property owned by another person that the debtor holds or controls.

None
[  ]

### 15. Prior address of debtor

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

11 Pauley Heights, Charleston, WV 25302


I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _X 03 24 4_                              Signature _Kathryn Gale Rhule_

Kathryn Gale Rhule

UNITED STATES BANKRUPTCY COURT

Southern District of West Virginia

In re:  Kathryn Gale Rhule
        1988

Case No.

Chapter 13

# STATEMENT OF ATTORNEY FOR PETITIONER
# PURSUANT TO BANKRUPTCY RULE 2016(b)

The undersigned, pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), states that:

1)  The undersigned is the attorney for the debtor(s) in this case.

2)  The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

    a)  for legal services rendered or to be rendered in contemplation of and in connection with this case      $_____765.00

    b)  prior to filing this statement, debtor(s) have paid      $_____765.00

    c)  the unpaid balance due and payable is      $_____0.00

3)  $_____194.00 of the filing fee in this case has been paid.

4)  The services rendered or to be rendered include the following:

    a)  Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under Title 11, United States Code.

    b)  Preparation and filing of the petition, schedules of assets and liabilities, statement of affairs, and other documents required by the court.

    c)  Representation of the debtor(s) at the first meeting of creditors.

5)  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and *

    **NONE**

6)  The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and

    **4% of plan payments**

7)  The undersigned have not shared or agreed to share, with any other person, other than with members of their law firm or corporation, any compensation paid or to be paid except as follows:

    **NONE**

Dated:  4/3/04

Robin L. Godfrey, Bar no: 1406
Attorney for Debtor(s)

---

* If a fee is paid by transfer of property or if security is taken, give details here and in appropriate section of Schedules or Statement of Affairs.

# UNITED STATES BANKRUPTCY COURT
## Southern District of West Virginia

In re:  Kathryn Gale Rhule
1988

Case No. _____

Chapter 13

# APPLICATION/ORDER FOR FEES

### Memorandum of Receipts and Disbursements
### Statement of Attorney Pursuant to Bankruptcy Rule 2016(b);
### and Order Thereon

**TO THE HONORABLE BANKRUPTCY JUDGE:**

Applicant hereby makes application for fees and represents that the fee arrangement in this proceeding is as follows:

1. That Applicant, as attorney for the debtor, has performed all services necessary for the confirmation of the Debtor's Plan. The services include interviews with debtor; the preparation and filing of the Debtor's Petition, Chapter 13 Statement, Plan and Plan Analysis; and appearance at the § 341 meeting and confirmation hearing.

2. That Applicant believes a reasonable fee for said services to be $765.00 and prays that said fee be approved and allowed.

3. That Applicant has received payments from the debtor and made disbursements on behalf of the debtor, as follows:

|  |  |  |
|---|---|---|
| Total Received |  | **$765.00** |
| Disbursements |  |  |
| Filing fee | **$194.00** |  |
| Trustee | **$0.00** |  |
| Other | **$0.00** |  |
| Total Disbursements |  | **$194.00** |
| Amount applied to attorneys' fees |  | **$765.00** |
| Balance of attorneys' fees | **$0.00** |  |

The total of money paid to attorney on behalf of debtor within one (1) year of the date of filing is the sum of $0.00, including fees reserved for Chapter 13.

4. That in addition to the foregoing statements, Applicant makes the following statements pursuant to Bankruptcy Rule 2016(b):

   (a) The details set forth by the debtor herein in the Chapter 13 Statement concerning compensation paid and compensation promised to be paid to his attorney of record is a true, complete and accurate statement of the agreement between the debtor and the attorney of record for legal services rendered and to be rendered herein.

   (b) The source of the monies paid by the debtor to the attorney of record to the best of the knowledge and belief of said attorney was:

   **NONE**

   (c) The attorney of record has not shared or agreed to share, other than with members of the law firm or corporation, any of said compensation with any other person except:

   **NONE**

Dated:  4/3/04

Robin L. Godfrey
1406
Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT
### Southern District of West Virginia

In re:  Kathryn Gale Rhule
       1988

Case No. _____

Chapter 13

# ORDER

The sum of $ _____ is hereby allowed Applicant as compensation for the services referred to in the above Application and the Trustee is directed to pay the unpaid balance thereof, the sum of $_____ from the estate in accordance with the Plan.

Dated: _____

 

United States Bankruptcy Judge

Application/Order for Fees  Page 2